Dear Mayor Jordan:
This opinion is being issued in response to several questions you have regarding the Village of Florien's ordinances and the enforcement as to the office of Chief of Police. You have provided us with a copy of Ordinance #28, where you question whether sections three (3), six (6) and six-A (6-A) are legal and enforceable. You have also provided us with a copy of Ordinance #115 and question whether sections D, F, G, H, J, and K are legal and enforceable. We will address each section of the ordinances separately and offer our guidance on the enforceability of each.
R.S. 33:404 provides for the duties of the mayor, in pertinent part, as follows:
 A. The mayor shall have the following powers, duties, and responsibilities:
 (1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law; however, no such ordinance may limit the authority granted to the mayor by this Paragraph. All administrative staff shall be subordinate to the mayor.
* * * (Emphasis added).
R.S. 33:423 provides for the duties of the marshal, in pertinent part, as follows:
 A. The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of this Part, R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. . . .
We are aware of the fact that the Chief of Police for the Village of Florien is an elected position. Our office has repeatedly recognized case law which stands for the proposition that the chief law enforcement officer of a Lawrason Act municipality has the inherent power and authority to supervise and direct the administration and day to day operation of the police department, and the governing authority cannot infringe upon this inherent power and authority. See, Lentini v. City ofKenner, 252 La. 413, 211 So.2d 311 (1968); Cogswell v. Town ofLogansport, 321 So.2d 774 (La.App. 2 Cir. 1975); Atty.Gen.Op. Nos. 02-77, 02-15, 00-51, 99-27, 94-73, 93-580, 93-446, 93-13, 88-115. Additionally, we have opined that an elected Chief of Police is an elected official and cannot be relegated to an inferior position of a municipal employee. Atty.Gen.Op. No. 00-51. We have also recognized that the mayor and aldermen have the statutory authority to amend the municipal budget and reduce the funds allocated to the police department, if necessary. Atty.Gen.Op. Nos. 99-27, 94-313.
Having generally discussed the powers and duties of the chief of police as set forth in case law and our previous opinions, we now address your specific questions.
Ordinance #28, Section three (3):
 Section 3. The Marshal shall make a daily report of all police activities within the Village, which report shall be filed on the morning of the following day with the office of the Mayor.
We have opined that compliance with a mayor's request for information on outstanding warrants, unpaid fines or unperformed community service files would not infringe on the chief of police's powers and duties, and that R.S. 33:404(9) grants the mayor the power to request this information. Atty.Gen.Op. No. 96-392. Thus, we are of the opinion that since the mayor and board of aldermen have the authority to request certain information from the chief of police, it is reasonable for an ordinance to require the chief to submit a daily report to the mayor of police activities that would not compromise any criminal investigation. However, it has been our opinion that a requirement for the policemen or police personnel to make daily reports is a matter to be controlled by the elected chief of police under his inherent supervisory powers. Atty.Gen.Op. No. 02-77.
Ordinance #28, Section six (6) and (6-a):
 Section 6. The Village police cars are to be used only for official business and law enforcement within the Village of Florien.
 6a. Village police cars are not to leave the city limits of the Village unless in hot pursuit of a person(s) or vehicle(s) that the officer has reasonable cause to believe has committed a criminal offense within the Village of Florien. Village police cars may leave the Village for official Village business.
This ordinance provision is in conflict with section "j" of Ordinance #115, and thus, we assume that the latter expression of the governing authority in section "j" of Ordinance #115 is the present law. Therefore, we will address this issue below in section "j" of Ordinance #115.
Ordinance #115, Section d:
 d. It shall be the duty of the Chief of Police to stay in reasonable contact with city hall and his department and to be on call for emergency response on a 24 hour basis.
It has been and remains our opinion that the chief of police is an elected official who should serve on a full-time basis. Atty.Gen.Op. Nos. 95-13, 90-316, and 87-696. Thus, we are of the opinion that this provision of the ordinance is consistent with general law and that it is a duty required by the chief of police and does not restrict his authority.
Ordinance #115, Section f:
 e. It shall be the duty of the Chief of Police to prepare and submit to the proper agencies all police department paperwork in a timely manner.
We are of the opinion that this provision of the ordinance is consistent with general law and does not infringe on the inherent authority of the chief of police.
Ordinance #115, Section g:
 g. It shall be the duty of the Chief of Police to operate the police department within the police department budget as outlined in the yearly budget ordinance.
We are of the opinion that this provision of the ordinance is consistent with general law and that it is a duty required by the chief of police and does not restrict his authority.
Ordinance #115, Section h:
 h. It shall be the duty of the Chief of Police to see that the magistrate of court is informed of significant infractions of the law within the police department within a reasonable time.
We are of the opinion that this provision of the ordinance is consistent with general law and does not infringe on the inherent authority of the chief of police.
Ordinance #115, Section j:
 j. It shall be the duty of the Chief of Police to see that no police department vehicle or equipment is operated for personal use, and that no police department vehicle is taken outside the city limits for any reason other than official Village of Florien police department business with prior approval by either the Chief of Police or the mayor, hot pursuit of a suspect, extreme emergency involving possible loss of life or property or in response to a specific request from an officer of another agency in distress within reasonable proximity to the village.
This office has issued a number of opinions recognizing the inherent authority of the chief of police to control city police vehicles and the inherent authority of the board of aldermen to approve the personal use of city police vehicles. Atty.Gen.Op. Nos. 00-398, 99-27, 96-475, 82-1106, 80-1078, and 78-1461. We have also cautioned that in establishing permissible personal use of police vehicles, consideration must be given to income tax consequences, as well as Article 7, Section14 of the Louisiana Constitution, which prohibits the donation or loan of the "property or things of value of the state or of any political subdivision" to any person, association or corporation. Atty.Gen.Op. No. 99-27. We have also opined that the chief has the power to authorize use of police vehicles to and from work for officers on call and that this does not constitute converting property "to private use". Atty.Gen.Op. No. 02-77.
We are of the opinion that the ordinance can restrict the use of police department vehicles and equipment for personal use, and thus, any request for personal use must be approved by the board of aldermen. Additionally, we find the remainder of the ordinance to be reasonable as it makes exceptions for the taking of police vehicles outside of the city limits as follows: (1) official village police business with prior approval by the chief [but not the mayor, as this would be an infringement on the inherent authority of the chief of police], (2) hot pursuit of a suspect, (3) extreme emergency involving possible loss of life or property, or (4) in response to a specific request from an officer of another agency in distress within reasonable proximity to the village.
Ordinance #115, Section k:
 k. It shall be the duty of the chief of police to see that a written report is prepared and made available to the Mayor and Board of Aldermen whenever a city vehicle is taken out of the city limits for any reason by anyone other than the chief of police himself.
We are of the opinion that this provision of the ordinance appears to be broad in that it applies to all uses, both private and public, of police vehicles. As stated above, the board of aldermen can approve of personal use of a police vehicle and therefore, if the ordinance is limited to such instances, the board certainly can require a report for approval in this case. With regard to the use of police vehicles for official police business, we are of the opinion that although the mayor and board of aldermen have the authority to request such information be made available by the chief within a reasonable amount of time, such as stated above in Section 3 of Ordinance #28, we caution that such a report is not required to include any information that may compromise a criminal investigation.
We trust that this opinion sufficiently responds to your inquiries. Should you have other questions or need further assistance, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ______________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
Date Released: July 1, 2002